UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE A. SOLIS, | ) |
| Plaintiff, | ) ) NO. CV-08-5083-EFS |
| v. | ) |
| | ) **PROTECTIVE ORDER** |
| THE S.M. STOLLER CORPORATION AND FUTURE UNLIMITED, INC. | ) ) ) ) |
| Defendants. | ) ) |

THIS MATTER coming before the Court on the Joint Motion and Stipulation for Protective Order, and the Court having reviewed the Motion and the file,

**IT IS ORDERED**:

1.  In this action, Defendant S.M. Stoller Corporation ("Stoller") is seeking Confidential Information (as defined in paragraph 2 below) and Plaintiff Solis and Defendant Future Unlimited may seek discovery of Confidential Information as this lawsuit progresses. The disclosure of Confidential Information outside the scope of this litigation could result in significant injury to

PROTECTIVE ORDER

the business or privacy interests of the Parties or of third parties to this lawsuit. Moreover, Plaintiff has stated that he cannot disclose some portions of the Confidential Information sought by Defendants in their discovery due to a settlement agreement that requires confidentiality. The Parties have entered into this Stipulation and request the Court enter a Protective Order for the purpose of allowing the discovery of the Confidential Information while preventing its disclosure and use except as set forth herein.

2. "Confidential Information" encompasses documents and oral testimony which a Party or Duratek Federal Services, Inc., or its successors or assigns, including Energy*Solutions*, Inc. ("Duratek"), may produce and designate as "Confidential" in the manner described in paragraph 3 below. Confidential Information includes, but is not limited to, documents produced or created by witnesses and counsel in the Matter of *Jose A. Solis v. Duratek Federal Services, Inc.*, Case No.: 2006-ERA-00010 (the "Duratek Lawsuit"), along with the settlement agreement in the Duratek Lawsuit, all drafts of the settlement agreement exchanged between opposing counsel in the Duratek Lawsuit, and all correspondence between opposing counsel relating to the settlement agreement in the Duratek Lawsuit. Any Confidential Information disclosed by any Party is protected by this Stipulation and the Court's Order.

PROTECTIVE ORDER

3. "Confidential Information" is all information so designated by a Party to this lawsuit, or by Duratek, by stamping "Confidential" on the first page of each document that may be produced for which protection is sought. All documents marked "Confidential" shall be used solely for the prosecution and/or defense of this action.

4. Except with the prior written consent of a Party or Duratek, to the extent he, she, or it requests confidential treatment of a document, no document designated as Confidential Information and no information contained therein may be disclosed to any person other than:

    a. The Parties and Parties' attorneys, including any in-house counsel;

    b. Secretaries, paralegal assistants, and other employees of counsel who are actively engaged in assisting counsel in the preparation of these actions;

    c. Persons noticed for depositions or designated as trial witnesses and their counsel to the extent deemed necessary by counsel for the witnesses' preparation for testimony. Such persons shall be provided with a copy of this order and advised that they are bound by it.

5.   Pursuant to paragraph 4(c) above, Confidential Information may be shown to witnesses, outside consultants, and experts retained for the purpose of assisting in the preparation of this action upon the following terms and conditions:

    a. Before making disclosure, the Party must obtain an agreement in writing (per the form attached as Exhibit A) from the witness, outside expert, or consultant designating the documents or materials to be disclosed with particularity, and reciting that he, she, or it has read a copy of this Protective Order and agrees to be bound by its provisions; and

    b. If the Court requires that the identity of outside experts and consultants be disclosed, a copy of all agreements to be bound which have been executed by such persons shall be furnished to all Parties requesting same.

6.   Confidential Information may also be disclosed to employees of Parties involved solely in one or more aspect of organizing, filing, coding, converting, storing or retrieving data and/or designing programs for handling data connected with these actions, and to employees of third party contractors performing one or more of these functions for one or more Parties.

PROTECTIVE ORDER

7.     Counsel shall be responsible for maintaining a list of all persons to whom Confidential Information is disclosed as well as copies of agreements, including this Protective Order and Exhibit A to this Protective Order, signed by them.  For good cause shown, such list and agreements shall be available for inspection by counsel for other Parties or Duratek upon order of the Court.

8.     Any Party may challenge an opponent's designation of any material as Confidential Information by serving written notice detailing the basis for the challenge, on counsel for the producing Party.  The Party seeking to designate material as Confidential Information shall respond in writing within five (5) business days.  If the Parties are unable to resolve their dispute, the Party seeking to protect the material as Confidential may file an appropriate motion with the Court within 10 business days of the aforementioned response.  The motion shall seek a protective order with respect to the disputed material, and shall be accompanied by affidavits or declarations demonstrating that an exemption to disclosure applies.  The Party opposing the designation shall file an answer within (10) days after service of the motion, which may be accompanied by appropriate counter-affidavits or declarations demonstrating that no exemption to disclosure applies.  During any dispute under this paragraph, the material that is

PROTECTIVE ORDER

- 5 -

the subject of the dispute shall be treated as Confidential Information until the matter is resolved between the Parties or by order of the Court.

9. The provisions of this Order shall not terminate at the conclusion of these actions or this matter. Documents designated as Confidential Information and all copies of same (other than exhibits of record) shall be returned to the Party or person producing such documents when this action is concluded. In the alternative, Party's counsel may certify to the opposing Party the destruction of Confidential Information.

10. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the admissibility of documents produced subject to it and waive no future claims they may have in regard to admissibility.

11. Nothing in this Protective Order shall preclude any Party, or Duratek, from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, including asserting any privilege in refusal to produce any requested documentation, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial. Plaintiff asserts now that he is opposed to any production by any entity or individual identified herein of correspondence between Duratek counsel and Plaintiff's counsel regarding settlement and

PROTECTIVE ORDER

- 6 -

EMPLOY\410774.1

additionally opposed to any production of draft settlement agreements encompassing the work product of counsel.

12.  Tyson B. Snow, Esq., attorney for Duratek, has reviewed this Motion and Stipulation for Protective Order and has authorized attorneys appearing in this action to state, regardless of provisions in any protective order or settlement agreement, including the Settlement Agreement in the Duratek Lawsuit or the settlement papers or correspondence related to the Settlement Agreement in the Duratek Lawsuit and including drafts of settlement agreements and any papers or correspondence exchanged between the Parties to the Duratek Lawsuit, or their respective counsel, that: Duratek does not object to discovery requests to or from Mr. Solis, in this matter, or to the production of Confidential Information protected by the confidentiality provisions of the Settlement Agreement agreed to in the Duratek Lawsuit.

13.  Any documents requested or produced to the Parties in this action that were subject to any protective order or the confidentiality provisions of the Settlement Agreement in the Duratek Lawsuit shall be deemed Confidential Information for purposes of this Protective Order and this lawsuit.  Copies of all such documents, including the document or discovery requests, shall be provided to Duratek, c/o Tyson B. Snow, Manning Curtis Bradshaw & Bednar LLC, 170

PROTECTIVE ORDER

- 7 -

South Main Street, Suite 900, Salt Lake City, UT 84101, prior to disclosure or production in this lawsuit.

14.	Duratek expressly reserves the right to object to discovery requests, production, or use of any information, including Confidential Information, except as provided herein, including, but not limited to, Duratek's right to review the relevant documents and to determine whether the Confidential Information designation is appropriate, whether the documents or information are subject to production or disclosure under this Protective Order, and/or whether additional redactions are necessary to protect Duratek's Confidential Information.  Should the disclosure or production of Confidential Information violate this Protective Order, the Parties agree that the relevant Confidential Information shall be returned to the party or entity that produced or disclosed the Confidential Information or destroyed..

**IT IS SO ORDERED**.  The District Court Executive is hereby directed to enter this Order and to furnish copies to counsel.

**DATED** this ___19th___ day of March, 2009.

s/ Edward F. Shea
———————————————————
EDWARD F. SHEA
United States District Judge

PROTECTIVE ORDER

- 8 -

EMPLOY\410774.1

# **EXHIBIT A**

I, _____, swear or affirm and state, under penalty of perjury:

1. I have read the Joint Motion and Stipulation for Protective Order in <u>Jose A. Solis v. The S.M. Stoller Corporation and Future Unlimited, Inc.</u>, No. CV-08-131-EFS, filed in the United States District court for the Eastern District of Washington.

2. I have been informed by _____, Esq. counsel for _____, that the material I have access to, consisting of documents Bates numbered _____, is Confidential Information as defined in the Stipulation and Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Stipulation and Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Stipulation and Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)
_____
(Print or Type Name)

Address:
_____
_____
Telephone No.: (\_\_\_) _____